# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2021

Lyle W. Cayce
Clerk

No. 20-30510
Summary Calendar

Lawrence Richardson; Andrew Hill; Arthur Hutchinson Terry; Bernell Roman, Jr.; Claudia Boyle, et al

*Plaintiffs—Appellees*,

*versus*

Famous Bourbon Management Group, Incorporated; Fiorella's on Decatur, Incorporated; Guy Olano, Jr., P.O. Box 57809, New Orleans, LA 70157, doing business as Jazz Cafe, doing business as Fiorella's Cafe, doing business as Beerfest; Platinum Bourbon, Incorporated; Silver Bourbon, Incorporated; Brass Bourbon, Incorporated; Bourbon Burlesque Club, Incorporated, Temptations; 327 Bourbon Street, Incorporated; Temptations, Incorporated; La Beauti, Incorporated; Fais Deaux-Deaux, Incorporated, also known as Last Call; Jaxx House, Incorporated, Erroneously referred to as Jaxx's House, Incorporated, also known as Jazz Cafe; Manhattan Fashion, L.L.C., also known as Scores West; N'Awlins Entertainment of Louisiana, Incorporated, also known as N'Awlins Entertainment Group,

*Defendants—Appellants*.

No. 20-30510

Appeal from the United States
District Court for the Eastern District of Louisiana
No. 2:15-CV-5848; No. 2:17-CV-1093;
No. 2:18-CV-6573

Before JOLLY, ELROD, and GRAVES, *Circuit Judges.*

PER CURIAM:*

This appeal concerns the district court's enforcement of a settlement agreement in consolidated actions under the Fair Labor Standards Act by former employees of a group of New Orleans restaurants. We affirm.

I.

On January 20, 2020, two weeks before trial, the parties reached a settlement agreement mediated by a magistrate judge. The parties submitted a Memorandum of Settlement for the district court's approval and for entry of a consent judgment. The district court entered a 60-day Order of Dismissal on January 3, 2020, and because it concluded that it must approve the settlement's fairness under the FLSA, directed the parties to submit a proposed consent judgment, reserving jurisdiction until the consent judgment was entered. On March 2, 2020, the parties moved for an extension of time to finalize the settlement documents. The district court granted the motion and reset the deadline for the finalized settlement agreement to March 17, 2020.

After the defendants changed counsel, the parties were unable to agree on a consent judgment. The district court then reopened the case, held several status conferences, and "repeatedly ordered the parties to confect a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

consent judgment as set forth in the agreed upon Memorandum of Settlement signed in January 2020." Finally, on July 8, 2020—more than seven months after settlement was reached, during which time the defendants lodged several arguments that the district court deemed frivolous — the district court ordered the plaintiffs to file the instant motion to enforce the settlement agreement. The defendants also submitted a proposed consent judgment and distribution chart showing each plaintiff's entitlement mirroring the plaintiff's proposed orders, with minor language changes. After briefing and argument from both sides, the district court granted the motion to enforce the settlement and entered the plaintiffs' proposed judgment. The defendants timely appealed to this court.

## II.

Having expressly retained jurisdiction to enforce the settlement in its dismissal order, the district court had jurisdiction to enforce the settlement agreement. *See Kokkenen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994). (holding that a district court can retain jurisdiction over a settlement by either embodying the settlement contract in an order or expressly retaining jurisdiction to enforce the settlement). We have jurisdiction under 28 U.S.C. § 1291 over this appeal from a final judgment.

A district court has inherent power to enforce settlement agreements in cases pending before it. *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386 (5th Cir. 1984). This court looks to Louisiana law to determine the validity and construction of the settlement agreement. *See Lockette v. Greyhound Lines, Inc.*, 817 F.2d 1182, 1185 (5th Cir. 1987) ("Although federal courts possess the inherent power to enforce agreements entered into in settlement of litigation, the construction and enforcement of settlement agreements is governed by the principles of state law applicable to contracts generally."). Louisiana Civil Code Article 3071 governs the enforcement of

No. 20-30510

settlement agreements. The settlement agreement between the plaintiffs and the defendants can be enforced on a finding that a binding, written agreement exists under Louisiana law. *Lee v. Hunt*, 631 F.2d 1171, 1173-74 (5th Cir. 1980). The defendants do not contest before this court that the parties reached a binding agreement; they argue only that the terms entered by the district court in the Consent Judgment differ from those agreed to in the Memorandum of Settlement. Under Louisiana law, we review de novo a district court's interpretation of a contract. *See Gebreyesus v. F.C. Schaffer & Assocs., Inc.*, 204 F.3d 639, 642 (5th Cir. 2000) (citing, *e.g.*, *Patterson v. City of New Orleans*, 686 So.2d 87, 90 (La. Ct. App. 1996)); *Claimant ID 100197593 v. BP Expl. & Prod., Inc.*, 666 F. App'x 358, 360 (5th Cir. 2016) ("Because the interpretation of a settlement agreement is a question of contract law, we review de novo.").

III.

The Memorandum of Settlement called for the defendants to pay $800,000, in annual installments of $200,000, on March 15 of each year until 2023. The Memorandum of Settlement further provided:

> The foregoing shall be reduced to a Consent Judgment subject to Court approval.
> a. Each defendant-employer shall be liable for their respective pro rata share of amounts due to each of their employees. In addition to the obligation to pay by each defendant, the sum due shall be guaranteed by Guy W. Olano, Jr., Famous Bourbon Management Group, Inc., Silver Bourbon and Temptations, Inc.
> b. All attorneys' fees and court costs shall be paid from the foregoing fund. The payments shall be paid from an escrow account administered by a qualified accountant or administrator designated by the parties paid for by defendants.

4

No. 20-30510

> c. Each claimant shall produce the following documentation for approval of the administrator: (1) valid identification; (2) social security card; (3) executed IRS form W9.
>
> d. The amount of payment to each claimant shall be designated by their counsel and approved by the Court.
>
> e. The terms of this settlement shall be confidential and shall not be disclosed by the parties.
>
> f. The record and resulting Consent Judgment shall be sealed. The Court shall retain jurisdiction over this matter. Defendants shall pay the mediation fees of Perry Dampf and Judge Daniel Knowles (ret.).
>
> g. This shall be in full and final settlement of all claims of the plaintiffs/claimants and the Court shall enter dismissals with prejudice in favor of the defendants, Joseph Ascani and Guy W. Olano, III.

The Memorandum of Settlement further provides that "[t]he parties hereto acknowledge that each has the authority to execute this document to be fully binding on behalf of the person or entity indicated" and that "[t]he parties . . . agree that by executing this agreement they are binding themselves to the agreement." The Consent Judgment that the district court entered also provides that "[e]ach defendant-employer shall be liable for their respective pro rate share of amounts due to each of their employees," and references an attached "Distribution Chart" setting the "amount of payment to each claimant." The Distribution Chart is a spreadsheet listing each plaintiff, the amount of each installment check, and the "Companies Claimant Worked For."

The defendants primarily argue before this court that they never agreed to the Distribution Chart, which they say violates the terms of the Memorandum of Settlement. They contend that although the Memorandum of Settlement provides that each defendant shall be liable for its "pro rata share of amounts due to each of [its] employees," the Distribution Chart

"requires each defendant to pay the entirety of each claim if the employee worked for more than one defendant."

The defendants base their arguments on a misreading of the Consent Judgment and Distribution Chart. The Memorandum of Settlement provides that "[e]ach defendant-employer shall be liable for their respective pro rata share of amounts due to each of their employees." It further states that "[t]he amount of payment to each claimant shall be designated by their counsel and approved by the Court." Consistently with this agreement, the Consent Judgment provides that "[e]ach defendant-employer shall be liable for their respective pro rata share of amounts due to each of their employees." Also consistently with this agreement, the Consent Judgment incorporates a Distribution Chart, submitted by the plaintiffs but apparently based on information generated by the defendants, which shows the amount of payment owed to each claimant. Rather than requiring any defendant to pay more than its pro rata share, the Distribution Chart shows each claimant's entitlement and the defendants responsible for paying their pro rata share of that entitlement.

It is unclear where the defendants got the idea that any are obliged to "to pay the entirety" to claimants who worked for more than one restaurant, as this language appears in neither the Memorandum of Settlement, the Consent Judgment, nor the Distribution Chart. As the district court concluded, "[none] of these documents contain language that would make each Defendant responsible for the entirety of a Plaintiff's claim if the Plaintiff worked for more than one Defendant." Instead, the Consent Judgment, by incorporating the Distribution Chart, lists the amount due to each claimant and the individual defendants who are, together, responsible for that amount, leaving it up to those defendants to determine the amount each will pay as their pro rata share. If the defendants refuse or are unable to pay, "Guy W. Olano, Jr., [Famous Bourbon], Silver Bourbon and

No. 20-30510

Temptations, Inc." are responsible as guarantors under the Memorandum of Settlement. In short, the plaintiffs have not claimed that any defendant is responsible for paying more than its pro rata share, the district court has not so concluded, and no document reflects such an obligation.

Having found no error in the district court's interpretation of the Memorandum of Settlement, the judgment below is AFFIRMED.